■ LAWRENCE JENSEN, Respondent-Appellant, v. STAUFFER CHEMICAL COMPANY, Appellant-Respondent.— Order insofar as it denies defendant's motion to dismiss the complaint affirmed; order insofar as it grants the motion to set aside the verdict in favor of plaintiff reversed on the law and facts, with costs to plaintiff-appellant, and verdict of the jury reinstated. Memorandum: The complaint in this action sought to recover damages for present and future loss of services of plaintiff's infant son. There was no motion during the trial to remove this subject from the jury's consideration and it appears to be conceded that plaintiff's counsel in his summation and without objection discussed this item of alleged damage. The verdict has been set aside on the ground that the trial court in its charge failed to mention this subject because the Trial Judge at the time had the erroneous opinion that there could be no award for loss of services. The court, however, did not charge to the contrary — it simply refrained from discussing the subject. We construe what was said in the charge as sufficient to justify a consideration by the jury of the alleged item of damage and the award reflected in its verdict. " It is not the duty of the court to charge the jury, sua sponte, upon every particular phase of the case. Counsel have the duty to request an additional charge where the charge given by the court is not explicit enough upon certain points or does not cover all phases of the case." (6 Carmody-Wait on N. Y. Practice, § 2, p. 606.) In the posture of the case at the end of the charge, there was a duty on the part of defense counsel to request that the subject of loss of services be eliminated from consideration by the jury. Absent such request we conclude that the mental but unexpressed and erroneous opinion of the Trial Judge did not deprive the jury of making what we consider a moderate and fair award for loss of future services. All concur, except Vaughan and Williams, JJ., who dissent and vote for affirmance, in the following memorandum: Upon the trial of this derivative action of a father whose minor son had been injured, the court instructed the jury that "As to the father, you will award him the amount of expenditures for medical treatment and the like." What might be embraced within the words "and the like" was not explained. Neither was there any charge pertaining to loss of services. The medical expenses were $660, and the court instructed the jury "that is the amount you will award the father if you find a cause of action". No exception was taken to that charge. Nevertheless, the jury returned a verdict of $1,700 in favor of the father. This verdict the trial court set aside, and in the opinion of a majority of this court it should be reinstated. We cannot agree. The Trial Judge should have submitted to the jury the question of loss of services, but he did not do so. No exception having been taken to the charge in that respect it became the law of the case (*Buckin* v. *Long Is. R. R. Co.*, 286 N. Y. 146), and a verdict patently contrary thereto should not be reinstated. Unless we indulge in pure speculation, we cannot find any basis in the record for the additional amount included in the verdict. (Cross appeals from those parts of an order of Niagara Trial Term, which order was entered in this and in a companion case, denying defendant's motion to dismiss the complaint in the father's case

but granting a motion to set aside the verdict in favor of plaintiff father and for a new trial.) Present — McCurn, P. J., Vaughan, Kimball, Williams and Bastow, JJ.